■ CYRIL HARVEY et al. v. CITY OF NEW YORK et al.— Appellant having died during the pendency of the appeal, respondent's motion to dismiss the appeal is treated as made under CPLR 1021, and is disposed of as follows: Respondent is directed to serve appellant's widow with a copy of the order entered on this memorandum, with notice of entry. The appeal shall be dismissed unless within 60 days after the date of such service a motion for substitution is made by appellant's representatives. Upon failure to prosecute the appeal diligently after substitution, an application will be entertained to dismiss the appeal for failure to prosecute. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ KAJSA L. TORSTENSON v. NEIL TORSTENSON.— Motion granted on the terms and conditions contained in the order to show cause, dated July 30, 1964, and upon the further condition that counsel for defendant submit the name of the person to be in attendance to the plaintiff's counsel prior to visitation and that counsel for plaintiff be given the right to disapprove the person and require another neutral observer. In case of inability to agree upon a person, the parties will designate a third person to name the person to be in attendance. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN CHAPMAN.— Motion to dismiss appeal granted. No appeal lies from such an order under section 517 of the Code of Criminal Procedure. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

## SECOND DEPARTMENT, SEPTEMBER, 1964

### (September 18, 1964)

■ PAT F. MATONE, Individually and as Chairman of the Democratic Committee of the Town of Haverstraw, et al., Appellants, v. CHARLES F. FURST et al., Constituting the Board of Elections of Rockland County, Respondents.— In an action to enjoin the respondents, as Commissioners of Elections constituting the Board of Elections of Rockland County, from altering, dividing, splitting or otherwise creating any additional districts out of Election District No. 2 in the Town of Haverstraw in said county, pursuant to statute (Election Law, § 64, subd. 6), by reason of an allegedly excessive number of voters in said district, the plaintiffs appeal from an order of the Supreme Court, Rockland County, dated September 15, 1964, which denied their motion for an injunction *pendente lite*. Order affirmed, without costs. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.